**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYNN M. BLEEKER,

            Plaintiff - Appellant,

  v.

TOM VILSACK, Secretary, United States
Department of Agriculture,

            Defendant - Appellee.

No. 10-17900

DC No. 3:07-cv-0413 SMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before:    TASHIMA and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[**]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Marvin J. Garbis, Senior United States District Judge
for the District of Maryland, sitting by designation.

Lynn Bleeker – formerly an employee of the United States Forest Service, an agency within the United States Department of Agriculture ("USDA") – appeals the district court's grant of summary judgment to the Secretary of Agriculture on two claims for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. § 2000e, *et seq*. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's grant of summary judgment, *Ray v. Henderson*, 217 F.3d 1234, 1239-40 (9th Cir. 2000), and may affirm the decision on any ground supported by the record, *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1076-77 (9th Cir. 2003).

To establish a *prima facie* case of retaliation under Title VII, Bleeker must show that: (1) she engaged in an activity protected by Title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004).

There is no dispute that Bleeker engaged in activity protected under Title VII. Bleeker has also made a *prima facie* case that the USDA's failure to extend her term appointment, while it extended the appointments of other similarly situated employees, constituted an adverse employment action. Even inaction – a

2

failure to renew or extend an employment contract – can count as an adverse employment action in some circumstances. *See Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 785-86 (9th Cir. 1986) (failure to hire can be an adverse employment action for purposes of anti-retaliation provision).

Bleeker, however, has not adequately tied the adverse employment action to her protected activity. Although in some circumstances the requisite causal link may be inferred from temporal proximity, *see Ray*, 217 F.3d at 1244, Bleeker does not press that argument here. And the record lacks any evidence that the authorized decisionmakers failed to extend Bleeker's appointment because of her protected activity – or that they even knew about the activity. *See Vasquez v. Cty. of L.A.*, 349 F.3d 634, 640 (9th Cir. 2003) (explaining that, where a coworker who had displayed discriminatory animus in the past was not the decisionmaker, the plaintiff would have to show "a nexus between [that coworker's] discriminatory [animus] and [the] subsequent employment decisions").

Accordingly, Bleeker has not established a *prima facie* case of retaliation. Thus, the district court did not err in granting summary judgment to the USDA on Bleeker's retaliation claims.

**AFFIRMED.**

3